UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MACKEL D. WALKER,

      Plaintiff,

v.                                                      Case No. 3:19-cv-24-RV/MJF

TIFFANY BROOK SHAVER,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Mackel D. Walker ("Walker"), is an inmate of the Florida penal system confined at Walton Correctional Institution in Defuniak Springs, Florida. Walker initiated this action by filing a *pro se* pleading titled "§ 1983 civil rights/2254 hybrid petition," which consists of a civil rights complaint form attached to a habeas corpus petition form. (Doc. 1). Walker did not submit a filing fee or apply to proceed *in forma pauperis*. The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida based on venue considerations.

    Walker is in custody under the judgment and sentence of the Circuit Court for Pinellas County, Florida, having been convicted of failure to report and re-register as a transient sexual offender, in Case No. 15-CF-9206. (Doc. 1, Compl., pp. 5-6 in ECF; Pet., p. 8 in ECF). Walker is suing Assistant Public Defender Tiffany Shaver,

his former trial counsel, claiming her ineffective representation deprived him of his constitutional rights and caused him to be unlawfully confined. As relief, plaintiff seeks immediate release.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Section 1404 further provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech*

*Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Venue for actions under 28 U.S.C. § 2254 is governed by 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. <u>The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.</u>

28 U.S.C. § 2241(d) (emphasis added).

This judicial district has no relation to the litigation at issue. Walker was tried and convicted in Pinellas County, Florida, which is in the Middle District. Walker identifies Attorney Shaver's residence as Clearwater, Florida, which is in the Middle District. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district. Thus, whether construed as a civil rights complaint under 42 U.S.C. § 1983, or a habeas corpus petition under 28 U.S.C. § 2254, it in the interest of justice

to transfer this case to the United States District Court for the Middle District of Florida. *See Parker v. Singletary*, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witnesses and ease of access to sources of proof when considering habeas transfer under § 2241(d)); *Walker v. Lockhart*, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, venue was proper in the Western District wherein his state trial was held).

Accordingly, for the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of court close this case file.

At Panama City, Florida, this 5th day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.